IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RICHARD D. ALTON,

       Plaintiff,

                                      3:13-CV-409-PK

                                      OPINION AND
v.                                    ORDER

MEDTRONIC, INC., and MEDTRONIC
SOFAMOR DANEK USA, INC.,

       Defendants.

---

PAPAK, Magistrate Judge:

       Plaintiff Richard D. Alton filed this action against defendants Medtronic, Inc., and

Medtronic Sofamor Danek USA, Inc. (collectively, "Medtronic") on March 11, 2013, alleging

claims of fraudulent misrepresentation and fraud in the inducement, strict products liability for

failure to warn, strict products liability for defective design, strict products liability for

misrepresentation, products liability for negligence, and breach of express warranty. Each of

Alton's claims arises out of complications he suffered following spine surgery in which a medical

device designed, produced, and marketed by Medtronic was implanted in his cervical spine. This

court has jurisdiction over Alton's claims pursuant to 28 U.S.C. § 1332, based on the complete

Page 1 - OPINION AND ORDER

diversity of the parties' citizenship and the amount in controversy.

Now before the court is the parties' dispute over certain provisions of their proposed protective orders (#55, 56), competing versions of which were lodged with the court on February 26 and 27, 2014. I have considered the proposed orders and the parties' informal letter briefs (#57, 58) in support of their respective positions. For the reasons set forth below, the parties are directed to confer in an effort to agree to a form of protective order consistent with the discussion below.

## MATERIAL BACKGROUND

On February 26, 2014, Medtronic lodged a proposed protective order with the court. Medtronic's proposed protective order provides for a two-tiered classification of confidential discovery documents, specifically for classification of sensitive discovery documents as either "Confidential" or "Highly Confidential." According to the terms of Medtronic's proposed protective order, documents designated by the producing party as "Highly Confidential" would be distributable by the party receiving them in discovery only to the following persons:

(a)    Such attorneys, paralegal assistants, and clerical staff employed by counsel of record for the parties in this Action and who have been specifically assigned to assist counsel in the prosecution, defense or settlement of this Action;

(b)    Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that they read this Stipulation and Protective Order in advance of disclosure and execute an Affidavit in the form attached hereto as Attachment A (Agreement to Maintain Confidentiality);

(c)    Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that each such expert has read this

Page 2 - OPINION AND ORDER

Stipulation and Protective Order in advance of disclosure and undertakes in writing to be bound by its terms. A copy of Attachment A shall be furnished to the Producing Party on reasonable request as set forth in Paragraph 3.4, except consulting experts shall not be disclosed. For good cause shown, the Producing Party may request that the Court order the identification of such consulting experts;

(d)     The Court or any other Court having jurisdiction over discovery procedures in this Action;

(e)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(f)     Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(g)     Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(h)     In-house counsel (and related staff) for a party, who has no involvement in competitive decision-making, and to whom disclosure is reasonably necessary for this litigation; and

([i])   In the event that any of the foregoing persons ceases to be engaged in the preparation of this Action, access by such person(s) to Litigation Documents designated as "Highly Confidential" information shall be terminated. Any such material in the possession of any such person(s) shall immediately be returned or destroyed within one week's time. The provisions of this Stipulation and Protective Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

Medtronic's Proposed Protective Order, § 3.3. By contrast, documents designated as

"Confidential" would be distributable to all of those same parties and, in addition, "any party,

including employees of a party." Documents designated neither as "Highly Confidential" nor as

"Confidential" would be freely distributable to members of the public. *Id.* at § 3.2(c).

Medtronic's proposed protective order contains no provision permitting distribution of

Page 3 - OPINION AND ORDER

documents designated either as "Highly Confidential" or as "Confidential" to third parties to this action engaged in similar or related litigation against Medtronic in this or any other jurisdiction.

The following day, February 27, 2014, Alton lodged an alternative proposed protective order with the court. Unlike Medtronic's proposed protective order, Alton's proposed order would provide only for a single-tiered classification of sensitive documents, which would be designated by the producing party as "Confidential" and which would be distributable by the receiving party only to the following persons:

a.   Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.   In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.   Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, or any other witnesses who are deposed in this action, but only to the extent necessary to further the interest of the parties in this litigation.

d.   Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.   The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.   The authors and the original recipients of the documents.

g.   Any court reporter or videographer reporting a deposition.

h.   Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

Alton's Proposed Protective Order, § 7. In addition, Alton's proposed protective order contains a

"Limited Sharing Provision" pursuant to which receiving parties would be permitted to "share"

the fruits of discovery in this action, whether or not designated as Confidential, with the parties

to other actions against Medtronic arising out of the same application of the same medical device

at issue in this action, provided that such parties agree to be bound by the terms and conditions of

the protective order between the parties to this action:

14.1    Discovery produced ("Shared Discovery") to Plaintiffs in this action (the "Litigation") may be used in the Litigation as well as any other pending action against either of the Medtronic defendants so long as the allegations [of] the other action (the "Parallel Litigation") include a claim of physical injuries resulting from the off-label use Infuse® in a spine surgery;

14.2    Such Shared Discovery shall maintain all discovery designations, including designations of "Confidential";

14.3    Plaintiffs' counsel, prior to disclosing any Shared Discovery to counsel in Parallel Litigation, must, ten (ten) days prior to such sharing, notify all counsel in the Litigation of the Parallel Litigation counsel to whom the Shared Discovery will be shared and the case title and number of the Parallel Litigation ("Objection Period");

14.4    Counsel for the Parallel Litigation must sign the agreement attached as Exhibit B ("Sharing Agreement") prior to the receipt of any Shared Discovery, confirming that he or she:

- has read the forgoing Protective Order and will maintain the confidentiality of all documents designated as such; and

- agrees to be subject to the personal jurisdiction of this Court for the enforcement of the Protective Order, including, without limitation, violation of the confidentiality provisions; and

14.5    The respective attorneys at the law firms of Gaylord, Eyerman, Bradley, P.C., and/or Lieff, Cabraser, Heimann & Bernstein, LLP shall, at all times, maintain originals of the executed Sharing Agreement(s) as well as a list of all attorneys for the Parallel Litigation(s) that entered the Sharing

Agreement(s).

14.6    The "Non-Termination" section above shall not require the return of documents shared with other counsel in Parallel Litigations in accordance with this limited sharing provision, however, insofar as such cases are still in litigation. At the conclusion of such other cases, the deadlines for return or destruction of confidential documents described above then apply to these other cases, as well. Each person subject to Paragraph 14 shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Protective Order.

*Id.* at § 14. Both proposed protective orders provide for a mechanism by and through which parties receiving sensitive documents may challenge the producing party's designation of such documents as subject to limitations on distribution. *See* Medtronic's Proposed Protective Order, § 6; Alton's Proposed Protective Order, § 10.

## ANALYSIS

Pursuant to Federal Civil Procedure Rule 26(c), a court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). To obtain such a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order must meet a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Here, the parties are all willing to stipulate to the necessity for and the execution of a protective order. However, the parties dispute whether the protective order should provide for

Page 6 - OPINION AND ORDER

discovery-sharing with the parties to related litigation against Medtronic and whether the protective order should provide for a two-tiered as opposed to one-tiered classification of sensitive documents subject to limitations on distribution. I address both issues in turn, below.

## I.    Discovery-Sharing Provision

Absent a "court order or a private agreement," the parties to this action "would be free to disclose their discovered materials to collateral litigants," because "'[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal. The federal rules do not themselves limit the use of discovered documents or information.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1128 n. 1 (9th Cir. 2003), *quoting Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-684 (5th Cir. 1985).

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Id.* at 1131, *citing Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id., citing Beckman*, 966 F.2d at 475. "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Id.* at 1132, *citing Beckman*, 966 F.2d at 475; *see also Olympic Refining Co. v. Carter*, 332 F.2d 260, 265-266 (9th Cir. 1964).

> Nonetheless, a court should not grant a [request for a discovery-sharing exception to the limitations on distribution of discovery materials contained within an otherwise restrictive protective order] automatically. As an initial matter, the

> collateral litigant must demonstrate the relevance of the protected discovery to the
> collateral proceedings and its general discoverability therein. Requiring a
> showing of relevance prevents collateral litigants from gaining access to discovery
> materials merely to subvert limitations on discovery in another proceeding. . . .
> Such relevance hinges "on the degree of overlap in facts, parties, and issues
> between the suit covered by the protective order and the collateral proceedings."
> Laurie Kratky Dore, *Secrecy by Consent: The Use and Limits of Confidentiality
> in the Pursuit of Settlement*, 74 Notre Dame L. Rev. 283, 366-67 (1999).

*Foltz*, 331 F.3d at 1132.

Here, Alton's proposed protective order would allow discovery-sharing only with parties

to litigation against Medtronic raising factual and legal issues materially indistinguishable from

those raised in this litigation. As such, it is clear that the *Foltz* relevancy concern is satisfied.

Medtronic does not oppose inclusion of a discovery-sharing provision on relevancy grounds, but

rather on the grounds that such sharing would "compromis[e] the protection of [its] confidential

information without any legitimate benefit to [Alton]," and because such sharing would

potentially impose a burden on this court insofar as this court would be required under the

provision to consider the merits of disputed requests for sharing of discovery documents

produced in this litigation.

In support of its first argument, Medtronic asserts its strong interest in protecting its

"confidential, proprietary, business[,] and trade secret information," but offers no principled

argument as to why discovery-sharing that maintains in place the restrictive provisions it agrees

are adequate to safeguard that interest in this litigation would be inadequate in connection with

other, similar litigation, except to suggest that such sharing could potentially increase the "risk of

inadvertent disclosures. . . ." Instead, the bulk of Medtronic's supporting argument is devoted to

assertions that such sharing would provide "no benefit" to Alton in prosecuting his claims in this

action, and to argument that, in consequence, Medtronic's interest in protecting its confidential

information "*trumps*" or "outweighs" Alton's interest in sharing discovery (emphasis original).

The problem with Medtronic's argument is that the default rule permitting discovery-sharing is

premised not on the benefit to a litigant willing to share discovery but rather on the advancement

of judicial economy and the avoidance of duplicative discovery. The absence of a clear and

immediate benefit to Alton in the conduct of this litigation is immaterial to Medtronic's burden to

show that permitting discovery-sharing would compromise its legitimate interests in privacy.

　　　In support of its second argument, Medtronic cautions that inclusion of a discovery-

sharing provision could open this court to the burden of litigating and deciding disputed requests

for sharing with litigants in this and other jurisdictions, including jurisdictions whose discovery

rules may or may not permit such sharing. I acknowledge that the potential for such collateral

litigation exists, but I do not consider that such potential constitutes grounds for refusing to

permit the requested sharing provision.

　　　Under the circumstances, I agree with Alton that Medtronic has failed to show good cause

for restricting Alton's right to share the fruits of discovery with the parties to closely related

litigation against Medtronic under the terms and conditions of Section 14 of Alton's proposed

protective order.

## II.    Two- vs. One-Tiered Classification of Protected Documents

　　　Alton objects to Medtronic's proposed two-tiered classification system on the grounds

that it is "unnecessarily complex and cumbersome. . . ." However, particularly in light of the

mechanisms available under Medtronic's proposed protective order to allow a receiving party to

challenge the other party's confidentiality designations, I see no reason in principle not to permit

Medtronic, if it believes it has good cause for doing so, to designate certain of its documents as confidential with respect to public scrutiny while reserving heightened, attorneys'-eyes-only protection for its most sensitive documents. In consequence, I agree with Medtronic that, on the parties' tacit stipulation that good cause exists for issuance of a protective order in the first instance, the protective order may appropriately provide for the two-tiered system contemplated in Sections 3.2 and 3.2 of Medtronic's Proposed Protective Order.

## CONCLUSION

For the reasons set forth above, the parties are directed to meet and confer in an effort to produce a form of protective order that includes a discovery-sharing provision substantially similar to that set forth at Section 14 of Alton's Proposed Protective Order and incorporates a two-tiered classification framework substantially similar to that relied upon in Medtronic's Proposed Protective Order.

Dated this 13th day of March, 2014.

Honorable Paul Papak
United States Magistrate Judge